United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued December 11, 1998 Decided August 1, 2000 

 No. 97-7211

 Lillie May DeBerry, 
 Appellant

 v.

 First Government Mortgage and Investors Corporation, 
 Appellee

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 96cv00708)

 Mark L. Hessel argued the cause for appellant. With him 
on the briefs was Mark L. Leemon.

 Nathan I. Finkelstein argued the cause for appellee. With 
him on the brief was Laurie B. Horvitz.

 Before: Wald,* Tatel and Garland, Circuit Judges.

 Opinion for the Court filed Per Curiam.

__________
 * Former Circuit Judge Wald was a member of the panel at the 
time of oral argument, but did not participate in this decision.

 Per Curiam: The facts of this case are set out fully in 
DeBerry v. First Gov't Mortgage & Investors Corp., 170 F.3d 
1105 (D.C. Cir. 1999). As relevant here, appellant Lillie May 
DeBerry brought an action alleging that appellee First Gov-
ernment had violated the District of Columbia Consumer 
Protection Procedures Act, D.C. Code s 28-3904(r), by fi-
nancing and refinancing her home with four mortgage loans 
containing unconscionable terms and conditions. The district 
court dismissed DeBerry's claims relating to loans made in 
1991 and 1992, finding them barred by the statute of limita-
tions. The district court also granted summary judgment to 
appellee First Government with respect to DeBerry's other 
CPPA claims solely on the ground that the CPPA does not 
apply to real estate mortgage finance transactions.

 In DeBerry, this court certified to the District of Columbia 
Court of Appeals the question whether D.C. Code 
s 28-3904(r) applies to real estate mortgage finance transac-
tions. See id. at 1110. This court also held that assuming 
the CPPA does apply to such transactions, the district court 
erred in dismissing DeBerry's claims relating to the 1991 and 
1992 loans before discovery could be conducted. See id. at 
1110-11.

 On December 30, 1999, the D.C. Court of Appeals answered 
the certified question, holding that section 28-3904(r) of the 
CPPA does apply to real estate mortgage finance transac-
tions. DeBerry v. First Gov't Mortgage & Investors Corp., 
743 A.2d 699, 703 (D.C. 1999), reh'g en banc denied (May 16, 
2000). Accordingly, DeBerry's CPPA claims relating to loans 
made in 1991 and 1992 are reinstated and the district court's 
grant of summary judgment to First Government on all of 
DeBerry's other CPPA claims is reversed.

 So ordered.